Maurice H. Kessler
vs. No. 82222.
Charles F. Bishop

May 26, 1930.

BLODGETT, P. J. Action to recover a commission claimed to be due plaintiff as a real estate broker.

Defendant entered into a written agreement, under seal, with one Edward R. Tramonti, under the terms of which the parties severally agreed to convey to each other certain real estate under certain conditions contained in said agreement. In the sixth paragraph of said agreement the following appears:

"It is understood that Maurice H. Kessler will receive a brokerage fee of 3% from the said Bishop at the time of the delivery of the deed."

There seems to be no contradictory testimony in the record as to the fact that Bishop agreed to pay a 3% commission to Kessler and further agreed to make the real estate trade agreed upon, and that he refused to carry out said agreement.

There is pending in our Court a bill in equity brought by Tramonti against Bishop asking for specific performance of said agreement, being the case of *Edward R. Tramonti* vs. *Charles F. Bishop et als.*, Equity No. 9854.

The plaintiff has performed his part of the contract in bringing the parties together and leading to an agreement.

One issue in the present case is whether the delivery of a deed is a condition precedent to the payment of a brokerage commission. Bishop refuses to deliver the deed upon the ground that Tramonti deceived him relative to certain representations made as to the property agreed to be delivered.

There has been no tender of delivery of a deed on the part of Tramonti except as to his willingness and ability to do so, and no testimony as to any tender on the part of Tramonti of the $2000 to be paid to Bishop upon delivery of a deed.

The Court has considered the case of *Cannon* vs. *Staples*, 46 R. I. 300, where the broker's commission was to be paid upon the passing of the deed. The defendant testator died before a deed was passed and it was urged in defence that the estate was not bound to pay the commission as the contract was never consummated. The Court held the broker had done all he was required to do and was entitled to a commission. The same doctrine was sustained in *Tarbell* vs. *Bomes*, 48 R. I. 86.

In both these cases it was admitted, however, that specific performance of the contract between the buyer and seller could be enforced.

The case of *Tramonti* vs. *Bishop*, Eq. 9854 was submitted to this Court upon bill, answer and proof. The bill was dismissed and a final decree entered March 5. 1930, from which no appeal has been taken.

The Court has examined the record of testimony given in the present case as to whether the present plaintiff (Kessler) appeared to be involved in any of the alleged false representations made by Tramonti to Bishop.

He (Kessler) was present when the agreement in writing was drawn up. The statements by Tramonti to Bishop were made by Tramonti alone. There is nothing on the record to show that Kessler took any part in this conversation, or that at any time during the negotiations preceding the execution of the agreement, he had made any false representations to Bishop, or that he had any personal knowledge as to the conditions surrounding the premises.

The condition of the agreement under which the commission was fixed is that same is payable upon delivery of the deed. meaning, it is to be presumed, the deed from Tramonti to Bishop, and from Bishop to Tramonti.

The agreement has been declared invalid.

The commission being fixed as to its terms by the agreement, the decision must be for defendant.

Decision for defendant.

For plaintiff: Samuel Temkin

For defendant: Oreol Grossman and William H. Gunning.